UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE S. RUSH, III,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 08-cv-479-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner George S. Rush, III (Doc. 1). The Government has responded to the motion, and Petitioner has replied. For the following reasons, the Court DENIES the Motion.

## BACKGROUND

**I. Procedural Posture**

On April 6, 2004, Petitioner George S. Rush, III (Rush) was indicted by a federal grand jury on three counts of distribution of less than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). On June 24, 2004 Rush pled guilty to all of the charges. This Court sentenced Rush on September 24, 2004, to a term of 235 months in prison, six years of supervised release, a fine of three thousand dollars and a three hundred dollar special assessment. Rush filed a notice of appeal on September 28, 2004. The Seventh Circuit Court of Appeals vacated the judgment in light of *United States v. Booker*, 534 U.S. 220 (2005), and remanded for resentencing. This Court imposed the same sentence after remand with the exception of reducing Rush's fine from three thousand to one thousand five hundred dollars. Rush appealed again. The Seventh Circuit dismissed the appeal on August 3, 2006. Rush filed a

petition for writ of *certorari*. The Supreme Court denied the petition on June 29. 2007. Rush timely filed the instant habeas petition on June 25, 2008. Rush presents two grounds for relief: (1) his counsel was ineffective in allowing him to enter a guilty plea that was unknowing and involuntary, and (2) his sentence should be recalculated based upon Amendment 709 of the Sentencing Guidelines.

## II.  Facts

As noted above, Rush pled guilty to all charges against him on April 6, 2004. At the outset of the plea hearing, the Court placed Rush under oath. Rush informed the Court that he was 23 years old, had a twelfth grade education, could read and understand the English language, had gone over the indictment with his attorney, and had discussed the charges in the indictment and the case in general with his attorney. Rush informed the Court that he was fully satisfied with the counsel, representation, and advice given him by his attorney. The Court read each count of the indictment aloud to Rush and asked after each whether Rush understood what he was charged with in that count. Each time, Rush replied, "Yes." The Court then asked Rush if he had "any questions at all with regards to the nature of the charges against you or the possible penalties?" "No," Rush replied. The Court then informed Rush of his rights.

> THE COURT:  Do you understand you are innocent until proven guilty. That you need to be proven guilty beyond a reasonable doubt. You have a right to a jury trial. You have a right to confront your accusers. You have a right to bring witnesses in to testify on your own behalf. You have a right against self-incrimination, meaning you do not need to testify unless you choose to do so. You have a right to have an attorney with you at each stage of these proceedings, and you are here represented by counsel. Do you understand the rights I've just explained to you?
>
> RUSH: Yes.
>
> THE COURT:  Do you understand if you plead guilty, you are giving up your right to a trial by jury, and you will be sentenced as if you were found guilty by a

jury?"

RUSH: Yes.

The government presented the factual basis for the guilty plea. Each of the transactions with which Rush was charged was captured on audio and videotape. Rush conceded that the factual basis was correct. Rush then pled guilty to each count. The Court found that Rush had knowingly, voluntarily, and competently pled guilty and adjudged him guilty those offenses.

Rush was sentenced as a career offender. He had a lengthy criminal history including convictions for aggravated battery in 1998, unlawful delivery of a look-alike substance within 1,000 feet of a school in 2000, aggravated robbery in 2000, and unlawful delivery of a controlled substance in 2000. The three convictions in 2000 were consolidated for sentencing purposes.

## ANALYSIS

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have, but did not, raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim

3

would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.

I.  **Ineffective Assistance of Counsel Claim**

In the instant petition, Rush contends that his trial counsel was constitutionally deficient because he allowed Rush to plead guilty even though Rush did not understand the nature of the charges against him, nor that he had a right to persist in a plea of not guilty. The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984);

*Fountain*, 211 F.3d at 434. The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694). "A mere possibility of prejudice does not qualify as actual prejudice." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). In evaluating these issues this Court must keep in mind that "the ultimate objective [of our legal system is] that the guilty be convicted and the innocent go free." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted). Finally, the Court need not evaluate both prongs of the *Strickland* test; "if it is easier to dispose of an

5

ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 697).

Rush cannot meet the *Strickland* test for this claim. The record is clear that Rush was properly admonished by the Court at his plea hearing. The Court inquired no less than four times as to whether Rush understood what he was charged with in each count of the indictment. Rush said, under oath, that he did. His contention that the Court did not properly inquire into whether he understood the nature of the charges against him is belied by the record. Furthermore, the Court read Rush a list of his rights, admonishing him that he had the right to a jury trial, but if he pled guilty, he would be giving up that right. Again, Rush told the Court, under oath, that he understood. Rush's contention that he did not understand that he had a right to persist in his plea of not guilty and proceed to trial is, therefore, also belied by the record. "[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir.2005). Here, Rush offers no explanation, much less a compelling one, for the contradiction between what he said under oath at his plea hearing and what he now contends. Accordingly, the Court rejects his claim of ineffective assistance of counsel out of hand.

## II.     Amendment 709

Rush contends that his prior convictions were improperly counted, resulting in the erroneous assessment by the Court that he was a career offender. Rush argues that the Court should give effect to Amendment 709 to the Federal Sentencing Guidelines because the Amendment does not affect a substantive change in the law, but merely provides "clarification"

as to which prior convictions should be counted.  The Guidelines authorize district judges, under certain conditions, to apply clarifying amendments to correct sentencing errors induced by lack of clarity.  *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009).  However, in *Alexander*, the Seventh Circuit stated unequivocally, "Amendment 709 changed the guideline rather than merely clarifying it."  *Id*.  In addition, Amendment 709 was not made retroactive and is therefore not a ground for reopening a sentence imposed before it went into effect.  *Id*. at 593.  It is clear, therefore, that Rush is entitled to no relief on the basis of Amendment 709.

## CONCLUSION

As the motion and the files and records of the case conclusively demonstrate that Rush is not entitled to relief on his petition, a hearing is not necessary.  The Court **DENIES** the Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Doc. 1).  The Clerk of Court is **DIRECTED** to enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED: March 25, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**