UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE S. RUSH, III,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 08-cv-479-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's Motion for Reconsideration (Doc. 12) of the Court's Order denying habeas relief. Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Rush's Motion falls within the latter category.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v.*

*United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).

Here, Rush merely contends that the Court made an error of law when it concluded that Amendment 709 to the federal sentencing guidelines does not provide grounds for habeas relief for sentences imposed before the Amendment became effective. A motion for reconsideration is not the appropriate vehicle for this argument; an appeal is. Therefore, the Court DENIES the Motion for Reconsideration (Doc. 12).

**IT IS SO ORDERED.**
**DATED: April 16, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**